FILED

04 SEP 29 PM 1:09

CLERK - LAS CRUCES

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO GUTIERREZ-ARANA,

    Defendant.

No. CIV-04-0927 RB/WDS
CR-03-1997 RB

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #18) filed August 16, 2004. *See* 28 U.S.C. § 2255 R. 4(b). Defendant waived indictment and entered a plea agreement to an information charging reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). The Court entered judgment on Defendant's guilty plea on January 12, 2004, and no appeal was taken. He now seeks immediate release. For the reasons below, the Court will dismiss the § 2255 motion.

In his preprinted § 2255 motion, Defendant sets out five claims, which do not correspond precisely with the arguments in an attached 28-page memorandum and exhibits. In the motion, Defendant asserts claims of fraudulent and malicious conduct by the prosecutor and the Court, sham tribunals, false imprisonment, and denial of corporate existence. No factual allegations are made in support of these claims. The attached memorandum contends, in sum, that the Court was without subject matter jurisdiction to indict, try, convict, sentence, or imprison Defendant. Specifically, the government failed to prove a nexus between Defendant's conduct and interstate commerce, his crime



was not committed on federal property, the state did not cede jurisdiction to the federal government, and the indictment [information] was defective.

First, Defendant contends that his conviction is illegal because the alien-reentry statute has no nexus to the Commerce Clause. This argument provides no support for Defendant's claims because the power to regulate immigration is not based in the Commerce Clause. "[F]or more than a century, it has been universally acknowledged that Congress possesses authority over immigration policy as 'an incident of sovereignty.' " *United States v. Hernandez-Guerrero*, 147 F.3d 1075, 1076 (9th Cir.1998) (quoting *Chae Chan Ping v. United States*, 130 U.S. 581, 609 (1889)). This congressional authority allows enactment of both criminal and civil statutes. *Hernandez-Guerrero*, 147 F.3d at 1077, 1078 (citing *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). Congress properly enacted the criminal statute prohibiting alien reentry, and Defendant's "nexus" claim will be dismissed. Likewise, his related claim that the indictment [information] failed to allege the constitutional nexus will also be dismissed. An information must "clearly inform[] the defendant of the precise offense of which he is accused so that he may prepare his defense and so that a judgment thereon will safeguard him from a subsequent prosecution for the same offense. No more is required." *United States v. Malicoate*, 531 F.2d 439, 440 (10th Cir. 1975) (citing *United States v. Debrow*, 346 U.S. 374, 377-78 (1953)). These claims will be dismissed.

Defandant also contends that his conviction is illegal because the alleged crime was not committed on federal property and the state did not cede jurisdiction. Again, even if these premises are correct, they provide no support for Defendant's motion. "Article I, section 8, of the United States Constitution 'empower[s] Congress to create, define and punish crimes, irrespective of where they are committed.' " *United States v. Hodges*, No. 02-3006, 2002 WL 1365612, at **1 (10th Cir.

June 25, 2002) (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)). Furthermore, "[b]ecause . . . federal district courts are explicitly vested with jurisdiction over all offenses against the laws of the United States, the federal government is not required to show that the state ceded jurisdiction." *Hodges*, 2002 WL 1365612, at **1 (citations omitted). No relief is available on these claims.

Defendant was prosecuted under laws properly enacted by Congress. This Court is properly established under the Constitution and properly exercised its jurisdiction in convicting and sentencing Defendant. Defendant is not entitled to relief on the claims in his § 2255 motion, *see* § 2255 R. 4(b), and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #18) filed August 16, 2004, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE